UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Respondent,

      v.

PEDRO QUINTERO-QUINTERO,

                Petitioner.

No. CR-04-0042-FVS
    CV-07-0094-FVS

ORDER DENYING PETITIONER'S
SECTION 2255 MOTION

**THIS MATTER** comes before the Court without oral argument based upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  Petitioner is proceeding pro se.

    **BACKGROUND**

The Court sentenced Petitioner, on September 24, 2004, to a term of 77 months imprisonment following his entry of a guilty plea to the offense of alien in the United States after deportation.  8 U.S.C. § 1326.  The Court determined that Petitioner's prior conviction of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), provided the basis for a 16-level increase in the Base Offense Level.  (Ct. Rec. 24).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 1

Judgment was entered on October 4, 2004, and Petitioner immediately appealed his sentence.  On October 21, 2005, the Ninth Circuit Court of Appeals remanded to the District Court for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc).  On December 22, 2005, the undersigned found that resentencing Petitioner was not required because there was no reasonable possibility the sentence imposed would have been materially different had the Court known the Sentencing Guidelines were advisory rather than mandatory.  (Ct. Rec. 45).

Petitioner failed to directly appeal the Court's December 22, 2005 order.  On March 21, 2007, one year and three months later, Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**STANDARD**

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.  This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner.  *United States v. Taylor*, 648

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 2

F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

The statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding Section 2255 proceedings similarly state that the Court may summarily order dismissal of a Section 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), Rules-Section 2255 Proceedings.  Thus, when a petitioner fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the District Court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**DISCUSSION**

**I.   Ineffective Assistance of Counsel Claims**

Petitioner alleges that his counsel rendered ineffective assistance at Petitioner's sentencing by failing to challenge the 16-level enhancement applied under U.S.S.G. § 2L1.2(b)(1)(A)(iii).  (Ct. Rec. 48 at 6-9).  Petitioner additionally alleges his counsel's failure to file a notice of appeal or writ for certiorari after the Court's December 2005 decision constituted ineffective assistance of counsel.  (Ct. Rec. 48 at 9-10).

///

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 3

Petitioner's Ineffective Assistance of Counsel claims are barred because he failed to timely file the instant motion.

A one-year limitation period applies to the filing of a Section 2255 motion.  The one year limitation period runs from the date Petitioner's judgment of conviction became final.  Petitioner's conviction became final ten days following the Court's December 22, 2005 order (Ct. Rec. 45), when his time for filing a direct appeal of the Court's order expired.  *See, Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1) (notice of appeal must be filed within 10 days of the entry of the judgment of conviction).  Petitioner's Section 2255 motion was filed on March 21, 2007, one year and three months after the Court's December 22, 2005 order.  Petitioner's Section 2255 motion is time-barred, absent a showing of equitable tolling, because his motion was not filed within one year from the date Petitioner's judgment of conviction became final.

It appears that Petitioner contends his motion should be considered timely filed pursuant to "equitable tolling" principles. Petitioner alleges counsel's misconduct on direct appeal was sufficiently egregious to justify equitable tolling of the one-year limitations period.  (Ct. Rec. 47 ¶ 18).  In support of this assertion, Petitioner cites the Ninth Circuit case *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (holding that a complete failure to file a client's habeas petition and the retention of his files beyond the

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 4

limitations period despite client's requests could be "sufficiently egregious" to warrant equitable tolling). *Id*.

While the Ninth Circuit recognizes that equitable tolling may be appropriate in the case of egregious attorney misconduct, it also has held that equitable tolling is not available to petitioners who file untimely claims due to their own lack of diligence. *Spitsyn*, 345 F.3d at 800. Moreover, the Ninth Circuit has maintained that an attorney's negligence in general does not constitute "extraordinary circumstances" sufficient to warrant equitable relief. *Frye V. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). In this case, Petitioner's untimely filing was a direct result of his own lack of diligence.

Petitioner, in seeking equitable tolling, was obligated to act with "reasonable diligence" throughout the period he seeks to toll. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). The one-year limitation period for Petitioner to file his petition expired in early January 2007. After December 22, 2005, when the Court determined that resentencing was not required, Petitioner waited one year and three months to file the present petition. Petitioner has failed to demonstrate that he acted with "reasonable diligence" between December 2005 and January 2007. In fact, Petitioner admits that in November of 2006 he because aware that his direct appeal had not been filed (Ct. Rec. 47 ¶ 18), yet his petition was not filed until March of 2007. No explanation has been given for why Petitioner waited until March of 2007 to file his petition despite his knowledge of the need to do so at least as early as November of 2006. Petitioner could have satisfied the deadline notwithstanding the alleged misconduct of

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 5

counsel but failed to do so.  Under these circumstances, there is no basis for equitable tolling.

Petitioner alleges that the facts in his case are similar to those in *Spitsyn*, but his case is distinguishable from *Spitsyn*.  The petitioner in *Spitsyn* retained an attorney to file his Section 2255 petition.  In contrast, here, Petitioner did not retain an attorney with respect to his Section 2255 motion and only argues that misinformation from his attorney on direct appeal prevented his ability to file a timely petition.  (Ct. Rec. 47 ¶ 18).  In addition, despite a request that the attorney return the inmate's file, the attorney in *Spitsyn* retained the file for the duration of the limitations period and more than two months beyond.  Here, there has been no allegations asserted with respect to the retention of Petitioner's file.  Given that Petitioner has not asserted any other external circumstances that delayed him from timely filing his petition, Petitioner is unable to establish that he is entitled to the equitable tolling exception.  *See, Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to timely file a claim, equitable tolling may be appropriate.").

Petitioner's Section 2255 motion was not filed within one year from the date his judgment of conviction became final, and Petitioner is not entitled to the equitable tolling exception.  Accordingly, the Court finds that Petitioner's Ineffective Assistance of Counsel claims are barred as untimely.

///

///

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 6

**II.  *Lopez v. Gonzales***

Petitioner asserts that the Supreme Court's 2006 decision in *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), should be applied retroactively to his case.  (Ct. Rec. 47 ¶ 12, ground three).  Petitioner alleges that, pursuant to *Lopez*, his federal conviction for being a felon in possession of a firearm cannot be classified as a "firearm offense" to enhance his sentence.  (Ct. Rec. 48 at 11-13).  Even setting aside the fact that the Supreme Court has not ruled that *Lopez* applies retroactively to cases on collateral review, Petitioner's argument is flawed.

In *Lopez*, the Supreme Court addressed the classification of crimes under the Immigration and Nationality Act ("INA"), and held that conduct classified as a felony under state law but as a misdemeanor under the federal Controlled Substances Act is not a "felony punishable under the Controlled Substances Act" for INA purposes.  The *Lopez* Court found that an alien's prior state court felony conviction for simple possession of a controlled substance, that is punishable as a misdemeanor under the Controlled Substances Act, does not qualify as an aggravated felony for purposes of the INA.

Here, Petitioner has offered no facts, citations to authorities, or argument to show how *Lopez* is relevant to the circumstances of his case.  There is no indication that Petitioner had a state felony conviction that was erroneously treated as a felony under the Controlled Substances Act for any purpose.  He has failed to demonstrate how the Supreme Court's statutory interpretation set forth in *Lopez* bears any relationship whatsoever to his conviction or sentence, nor does the Court believe he could make such a showing.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 7

In fact, the enhancement of which Petitioner complains is based on his prior federal conviction for the possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). *Lopez*, however, construed the term "felony punishable under the Controlled Substances Act" in 18 U.S.C. § 924(c)(2). The *Lopez* case simply does not apply. Accordingly, Petitioner's claim pursuant to the *Lopez* case is denied

It "plainly" appears from the face of Petitioner's Section 2255 motion and the prior proceedings in the case that Petitioner is not entitled to relief. Therefore, it is not necessary to direct the United States Attorney to file a response to the motion and it is not necessary to conduct an evidentiary hearing. Summary dismissal is appropriate.

The Court being fully advised, **IT IS HEREBY ORDERED** that Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**Ct. Rec. 47**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to Petitioner and counsel for the government, and **close the file**.

**DATED** this ___21st___ day of November, 2008.

_____<br>
S/Fred Van Sickle<br>
Fred Van Sickle<br>
Senior United States District Judge

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 8